UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 25-20401-CIV-MARTINEZ

CAPTAIN TERESA DODSON, and
CAPTAIN THOMAS BEAVERS,

    Plaintiffs,

v.

ATLAS AIR, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** came before the Court upon Defendant, Atlas Air, Inc.'s ("Atlas Air") Motion to Dismiss Plaintiffs' Complaint ("Motion"). (ECF No. 11.) Plaintiffs Captain Teresa Dodson ("Dodson") and Captain Thomas Beavers ("Beavers") filed a Response, (ECF No. 20), and Defendant filed a Reply, (ECF No. 24). After considering the relevant briefing, the record, applicable law, and being otherwise fully advised in the premises, the Motion is **GRANTED**.

## BACKGROUND

This action arises from allegedly false and defamatory statements published by Atlas Air employees about Plaintiffs during their employment with Atlas Air. Plaintiffs Dodson and Beavers, who are married to each other, have been employed as pilots by Atlas Air since the early 2000s. (Compl. ¶¶ 18–24.) Both Plaintiffs had secured a spot as a Crew Member Training Instructor ("CTI") in the Miami Training Center, an allegedly highly coveted spot. (*Id.* ¶¶ 26–29.) Plaintiffs allege that when Dodson started as a Miami CTI, she was treated harshly by her male supervisors. (*Id.* ¶ 37.) Plaintiffs further allege that an Atlas Air employee published a false and defamatory

email to other Atlas Air employees, accusing Dodson of "unprofessional behavior" and demoting her back to normal pilot line flying (the "Dodson Email"). (*Id.* ¶¶ 51–53.) After Dodson's removal from the Miami Training Center, Beavers was summoned to meet with Atlas Air representatives in Miami. (*Id.* ¶ 60.) After that meeting, an Atlas Air employee told Beavers was he removed as a Line Check Pilot and Simulator Check Pilot at Atlas Air in Miami. (*Id.* ¶ 69.) Beavers alleges he was removed for no good reason and that he was only standing up for his wife. (*Id.* ¶ 70.) Plaintiffs further allege that Atlas Air subsequently sent the Federal Aviation Administration a false and defamatory email directly targeting Beavers, stating that "Atlas can [no] longer trust that Captain Beavers can work effectively to continue to the Training Center culture in a helpful positive way" (the "Beavers email"). (*Id.* ¶¶ 72–74.)

Plaintiffs filed this action on December 24, 2024, in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging two counts of defamation, defamation *per se*, and libel *per se*. (ECF No. 1-1.) Defendant then removed this action to the Southern District of Florida on January 27, 2025. (ECF No. 1.) Defendant now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. (*See generally* Mot.)

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms": facial and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990) (per curiam). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6)

motion, meaning that the court must consider the allegations of the complaint to be true." *Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1179 (S.D. Fla. 2012). "Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). The burden is on the party seeking to invoke the Court's jurisdiction to establish that jurisdiction exists. *Kokkonen*, 511 U.S. at 377. If the Court determines that it lacks subject matter jurisdiction, it must dismiss the claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

## DISCUSSION

Defendant seeks dismissal of the Complaint because the Railway Labor Act, 45 U.S.C. § 151 *et seq.* ("RLA") preempts Plaintiffs' claims and confers exclusive jurisdiction to the System Board of Adjustment to resolve this dispute. (*See generally* Mot.) The Railway Labor Act was enacted in 1926 "to encourage collective bargaining by railroads and their employees in order to prevent, if possible, wasteful strikes and interruptions of interstate commerce." *Detroit & Toledo Shore Line R.R. Co. v. United Transp. Union (Shore Line)*, 396 U.S. 142, 148 (1969); *see* 45 U.S.C. § 151a. The RLA "was extended in 1936 to cover the airline industry." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 248 (1994).

The RLA "groups disputes into two categories, major and minor." *Empresa Ecuatoriana De Aviacion, S.A. v. Dist. Lodge No. 100*, 690 F.2d 838, 842 (11th Cir. 1982). Major disputes are "disputes over the formation of collective agreements or efforts to . . . change the terms of one." *Elgin, J. & E. Ry. Co. v. Burley*, 325 U.S. 711, 723 (1945). By contrast, minor disputes are "disputes growing . . . out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." 45 U.S.C. § 151a; *see also Burley*, 325 U.S. at 723 (explaining that a minor dispute "relates either to the meaning or proper application of a particular provision").

3

"Congress intended that these 'minor disputes' be resolved through the grievance procedures of the RLA rather than in federal court." *Pyles v. United Air Lines, Inc.*, 79 F.3d 1046, 1050 (11th Cir. 1996); *see Union Pacific R.R. v. Sheehan*, 439 U.S. 89, 94 (1978). "Therefore, it has long been the rule that when the resolution of a state-law claim . . . requires an interpretation of the [collective bargaining agreement], the claim is preempted and must be submitted to arbitration before a system board of adjustment." *Pyles*, 79 F.3d at 1050; *see Andrews v. Louisville & N.R.R.*, 406 U.S. 320, 324 (1972).

Whether this Court has jurisdiction over this action hinges on whether the dispute at bar is major or minor. *See Int'l Bhd. of Teamsters v. Amerijet Int'l, Inc.*, 604 F. App'x 841, 848 (11th Cir. 2015) ("[A]s a jurisdictional matter, the RLA prohibits federal courts from reaching the merits of minor disputes."). Defendant argues that Plaintiffs' claims are minor disputes because their claims involve interpretation of the collective bargaining agreement ("CBA") entered into between Atlas Air and the International Brotherhood of Teamsters, Airline Division. (Mot. at 4, 7–20.) This Court agrees. To state a claim for defamation (and libel, which is a type of defamation), one of the elements a plaintiff must plead is falsity. *Briseus v. JPMorgan Chase Bank, N.A.*, No. 18-CV-80671, 2018 WL 3586140, at *3 (S.D. Fla. July 26, 2018). To adjudicate whether Atlas Air's statements were false would require this Court to in essence adjudicate the validity of Atlas Air's decisions for reassigning Dodson and Beavers. (*See* Mot. at 7.) As Defendant aptly argues, "To litigate falsity, the parties will have to put on a case within a case, with Plaintiffs required to show that Dodson did not engage 'in unprofessional behavior while acting as an Instructor,' and that Atlas could trust Beavers to 'work effectively to contribute to the Training Center culture in a helpful and positive way.'" (*Id.* at 8) (citing Compl. ¶¶ 53, 73.)

This case is analogous to *Kozy v. Wings W. Airline, Inc.*, where the plaintiff alleged that the defendant defamed him during discussions in the grievance procedure by stating that plaintiff was fired for "unsatisfactory work performance. No. C-94-1678 FMS, 1995 WL 32915, at *4 (N.D. Cal. Jan. 25, 1995), *aff'd and remanded sub nom. Kozy v. Wings W. Airlines, Inc.*, 89 F.3d 635 (9th Cir. 1996). The court reasoned the following:

> Whether this remark was defamatory will depend on why plaintiff was in fact discharged, a matter clearly committed to the grievance process of the collective bargaining agreement. Furthermore, if the remark was truthful, it could not be defamatory. Determining its truthfulness would require the court to determine whether plaintiff's acts constituted unsatisfactory work performance as defined by the collective bargaining agreement. Resolution of these claims would necessarily require the court to apply and interpret both the collective bargaining agreement and the grievance process . . . .

Courts in other districts have followed the same reasoning. *See Miller v. Norfolk & W. Ry. Co.*, 917 F.2d 24 (6th Cir. 1990) (affirming dismissal of the case because "plaintiff's defamation claim in this case is inextricably intertwined with the collective bargaining agreement."); *Edelman v. Western Airlines, Inc.*, 892 F.2d 839, 844 (9th Cir. 1989) (concluding that the determination of the validity of the defamation claim would "require a court to analyze the Agreement to decide whether [plaintiff]'s discharge was justified."); *Majors v. U.S. Air, Inc.*, 525 F. Supp. 853, 857 (D. Md. 1981) (finding false imprisonment and defamation claims to be preempted by the RLA); *Fox v. S. Ry. Co.*, 764 F. Supp. 644, 650 (N.D. Ga. 1991) (finding claims arising out of allegedly libelous letter sent by railroad superintendent to employee were preempted by the RLA); *Poppe v. Trans World Airlines, Inc.*, No. 88–3563, 1989 WL 113160 (E.D.N.Y. Sept. 14, 1989) (state claim dismissed as preempted by RLA where allegedly defamatory statements were made pursuant to disciplinary proceedings).

Accordingly, Plaintiffs' defamation and libel claims are preempted by the RLA and Defendant is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, (ECF No. 11), is **GRANTED**. The Complaint is **DISMISSED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29 day of May 2025.

                                                      JOSE E. MARTINEZ
                                                     UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record